UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| NIGEL M. REID, JR., and <br> AMY N. REID, <br><br> Plaintiffs, <br><br> v. <br><br> JENNIFER PRESSLEY, <br> JAZMIN BYRD, and <br> TONIA JENNINGS <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 2:19-CV-184-JRG-CRW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM and ORDER**

Plaintiffs Nigel M. Reid, Jr., and Amy N. Reid, husband and wife, bring this pro se complaint for damages against three individuals who purportedly posted statements about Plaintiffs on social media [Doc. 2]. Plaintiffs' accompanying application to proceed *in forma pauperis* [Doc. 3] reflects that the couple has no assets, incurs expenses of $785 per month (including rent, electricity, water, and alimony, but not including food, vehicle or other expenses), and a combined income, derived solely from disability stipends, of $1,521 [Doc. 1]. Plaintiffs' application for pauper status is well-supported and thus is **GRANTED** [*Id.*].

### I.  PLAINTIFFS' ALLEGATIONS

The complaint alleges that Defendants Jennifer Pressley, Jazmin Byrd, and Tonia Jennings, began posting statements on Facebook on or about September 11, 2019 [*Id.* at 1]. Plaintiffs contend that Defendants stated that Plaintiff Nigel M. Reid was not on his medications for a bipolar disorder and that Plaintiff Amy N. Reid could not have babies—statements that Plaintiffs contend have put them through much emotional distress and mental anguish. The complaint is silent as to whether those statements were true or false, though it makes no difference to the outcome of this case.

Plaintiffs seek damages in the sum of $20,000 ($10,000 from Defendant Pressley, $5,000 from Defendant Jennings, and $5,000 from Defendant Byrd) [*Id.* at 3]. Plaintiffs cite to Tennessee Code Annotated 29-39-101, to support their claims for damages for mental anguish and emotional distress, and to Tennessee Code Annotated 39-17-308,[1] which they identify as anti-bullying statute involving harassment [*Id.* at 2].

## II. SCREENING

The Court must screen complaints filed by plaintiffs who are proceeding *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ((citing 28 U.S.C. § 1915(e)(2)), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Dismissal is required if complaints are frivolous or malicious, if they fail to state a claim for relief, or if they are seeking monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An *in forma pauperis* complaint is frivolous where it lacks arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Any complaint that is legally frivolous would ipso facto fail to state a claim upon which relief can be granted." *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010.)

In performing its screening task, the Court recognizes that pro se pleadings filed in civil rights cases are to be generously charitably and held to a less stringent standard than formal

---

[1] Tennessee treats cyber-harassment as an aspect of a harassment offense and classifies it as a Class E felony. Tenn. Code Ann. § 39-17-308(c). Courts have held, however, that Tennessee's harassment statute does not create a private cause of action because it is a criminal statue and, as such, defines crimes and defenses. See *Hastings v. Shelby Cnty. Gov't*, No. 17-2687, 2018 WL 7348026, at *6 (W.D. Tenn. Oct. 23, 2018) ("Regarding Plaintiff's claim under Tenn. Code Ann. § 39-17-308, the statute does not create a private cause of action."), *report and recommendation adopted as modified*, No. 217CV02687, 2019 WL 313203 (W.D. Tenn. Jan. 24, 2019); *Molthan v. Vanderbilt Univ.*, No. 3:17-CV-00706, 2017 WL 1489099, at *3 (M.D. Tenn. Apr. 26, 2017) (observing that Tenn. Code. Ann. § 39-17-308 is a criminal statute that merely defines crimes and defenses does not create a private cause of action).

pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Even so, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure state a claim under [§§ 1915A(b)(1) and 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill*, 630 F.3d at 470–71.

### III.  LAW & ANALYSIS

The Sixth Circuit has instructed that "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). The Court does so here.

> The Supreme Court has explained succinctly:
>
> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (all internal citations omitted). Plaintiffs are the parties who are asserting jurisdiction and they have failed to shoulder their burden.

To the extent that Plaintiffs are asserting cyberbullying as a claim, as the Court noted earlier, there is no civil remedy for such conduct. *See O'Kroley v. Fastcase Inc.*, No. 3:13-0780,

3

2014 WL 2197029, at *1 (M.D. Tenn. May 27, 2014), *report and recommendation adopted*, No. 3-13-0780, 2014 WL 2881526 (M.D. Tenn. June 25, 2014), *aff'd*, 831 F.3d 352 (6th Cir. 2016). Moreover, "there are no federal . . . laws criminalizing cyberbullying." *United States v. Hutchinson*, No. 1:12-CR-409-TCB, 2013 WL 3938541, at *14 (N.D. Ga. July 30, 2013).

As it is, the Court has reviewed thoroughly and charitably construed Plaintiffs' pleading and has been unable to discern a cognizable federal claim raised therein. Charitable construction has its limits. "District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require ... [the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would ... transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" *Dixie v. Ohio*, 2008 WL 2185487, at *1 (N.D. Ohio May 23, 2008) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Absent a recognizable federal claim and in view of Plaintiffs' failure to articulate a basis for this Court's authority to act in this matter, the Court lacks jurisdiction over this lawsuit. Therefore, given Plaintiffs' failure to present a cognizable federal claim and the Court's inability to detect any other grounds for subject matter jurisdiction (such as diversity jurisdiction, *see* 28 U.S.C. § 1332), their complaint will be dismissed sua sponte.

## IV.  CONCLUSION

This action will be **DISMISSED** for lack of jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court finds that the claims raised in the complaint are not amenable to an amendment, *see LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (finding that a court may allow amendment to complaint even though the pleading is subject to a sua sponte dismissal), and it will not invite

Plaintiffs to amend their pleading. Additionally, the Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a)(3) and **CERTIFIES** that any appeal from this action would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3).

A separate judgment dismissing this case will enter.

**SO ORDERED.**

**ENTER:**

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE